IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STEPHANIE WIEDEMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TIFFANY HENYARD, individually and in | ) |
| her official capacity as MAYOR OF DOLTON, | ) |
| THE VILLAGE OF DOLTON, | ) |
| DOLTON POLICE OFFICER S. HOPSON, | ) |
| DOLTON POLICE DETECTIVE J. DEVRIES, | ) |
| AND DOLTON POLICE SEARGENT M. HARRIS. | ) |

## COMPLAINT

The Plaintiff, STEPHANIE WIEDEMAN, PLAINTIFF, by and through her attorneys, Melinda Power, of West Town Law Office, and Madeline Townsend, of the Law Office of Madeline Townsend, complains against Defendants TIFFANY HENYARD, VILLAGE OF DOLTON, and DOLTON POLICE OFFICERS HOPSON, DEVRIES, and HARRIS, stating as follows:

### PARTIES

1. Plaintiff, Stephanie WIEDEMAN ("Plaintiff"), was a resident of Thornton, Illinois, in Cook County in the Northern District of Illinois.

2. Defendant Village of Dolton ("Dolton") is a municipal corporation duly incorporated under Illinois law and is the employer and principal of Defendant Officers. Dolton is being sued on a *Monell* theory of liability, as well as on an indemnification theory of liability for Defendant Officers and Defendant Henyard.

1

3. Defendant Tiffany Henyard ("Henyard" or "Mayor Henyard) is the Mayor of Dolton and the Supervisor of Thornton Township and a resident of Cook County in the Northern District of Illinois. At the time of these occurrences, Henyard was acting in her official capacity and under color of law. Henyard is being sued in both her individual and official capacities.

4. Defendants Hopson, Devries, and Harris are employed as law enforcement officers by Dolton and, at the time of these occurrences, were acting within the course and scope of their employment and under color of law.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331 as well as supplemental jurisdiction over the state-law indemnification count pursuant to 28 U.S.C. §1367.

6. Venue is proper under 28 U.S.C. §1391(b) as all of the parties reside within the judicial district, and the events from which this claim arise all occurred within the District.

## FACTS

7. Stephanie WIEDEMAN has been a resident of Cook County since 1980.

8. Plaintiff started working for Thornton Township in 2002 and worked in various positions with the townships until March 2022.

9. The Village of Dolton is in Thornton Township.

10. Dolton holds bi-monthly meetings for the Dolton Board of Trustees, which runs the village in coordination with the Dolton Mayor.

11. These meetings are open to the public and members of the public are allowed to attend and to comment during specified public comment sections.

12. As a politically engaged resident of Thornton Township, Plaintiff frequently attends these meetings and shares her thoughts on matters of public concern during the public comment section.

**Tiffany Henyard Elected Mayor of Dolton And Becomes Center of Controversy**

13. In February 2021, Tiffany Henyard was elected Mayor of the Village of Dolton.

14. In Henyard's first year as mayor, she took a number of actions which generated substantial controversy, such as:

    a. Forming her own personal security detail of three full-time Dolton police officers paid for by the Village of Dolton, decreasing the number of officers available for routine law enforcement;

    b. Using public funds to pay for billboards prominently featuring Henyard's name and image;

    c. Altering the advertising for local Dolton public events and programs to prominently feature Henyard's name and image; and

    d. Using public funds to pay for personal travel, including a lavish trip to Las Vegas for Henyard.

15. On December 8, 2021, the Dolton Board of Trustees voted to call a recall election against Henyard to be held on June 28, 2022.

16. In the June 28, 2022 recall election, Dolton voters voted to remove Mayor Henyard from office.

17. Mayor Henyard remained in office, however, as the election result was invalidated by Illinois courts on procedural grounds.

18. Plaintiff was and is an outspoken critic of Mayor Henyard, both online on Plaintiff's personal Facebook account and in person at Dolton board meetings.

19. Plaintiff has expressed her belief that Mayor Henyard is misusing her office to enrich herself and her political allies and has misappropriated public funds for her own private gain.

20. Plaintiff's posts, while at times highly critical of the mayor, contain nothing that could be reasonably construed as threats or intimidation.

21. Despite this, Mayor Henyard has repeatedly portrayed Plaintiff's criticism as a threat to her safety and the safety of her family.

22. Mayor Henyard accused Plaintiff of trying to intimidate her when Plaintiff attended a Dolton Board of Trustees meeting and looked at the Defendant mayor.

23. Defendant Mayor accused Plaintiff of harassment for posting critical comments in a local Facebook group.

24. Defendant Mayor accused Plaintiff of stalking her based on Plaintiff's attendance at public board meetings and events hosted by Mayor Henyard.

25. Mayor Henyard has treated Plaintiff's speech critical of Defendant Mayor and Plaintiff's attendance at open government events as if they were a campaign dedicated to harass, stalk, and threaten Defendant Mayor's life and that of her family.

26. Mayor Henyard has weaponized her authority over the Dolton police department to harass, intimidate, and arrest Plaintiff for her protected speech and participation in her local government.

27. Defendant Henyard's abuse of power has gone on for over a year and caused significant anguish to Plaintiff and hampered her ability to engage in First Amendment protected political speech.

### June 11 Meeting and Arrest

28. The first incident in Defendant Mayor's violation of Plaintiff's constitutional rights took place at a Tea with the Trustees meeting on June 11, 2022.

29. Like other Dolton meetings, the meeting was open to the public and featured a public comment section.

30. Plaintiff was present along with a number of other Dolton residents who wished to speak out on Village concerns, including the recall process, which was an issue of significant public concern.

31. Before the meeting began, Plaintiff and several other attendees walked outside.

32. While outside, Plaintiff saw Dolton employee Kim Alston placing pro-Henyard campaign flyers on the windshield of Plaintiff's car and other vehicles in the parking lot.

33. Plaintiff removed Henyard's campaign flyers from her windshield and the windshields of cars belonging to other attendees who asked her to do so.

34. Plaintiff saw a pile of campaign flyers that were ripped up and cars had apparently driven over them in the parking lot and she gathered them up to dispose of them inside.

35. Alston saw Plaintiff taking the flyer off Plaintiff's car and told Mayor Henyard.

36. Mayor Henyard ordered that Plaintiff be arrested for taking a flyer off her own car and had Alston call the Dolton police to come arrest her mid-meeting.

37. Dolton Police Officer Hopson, Detective Devries, and Sergeant Harris arrived at the meeting and began to search for Plaintiff.

38. They entered the meeting and forcibly escorted her out of the building and arrested her.

39. This arrest was false and in violation of Plaintiff's constitutional rights.

40. Defendant officers knew the arrest was false but arrested Plaintiff nonetheless.

41. Defendant officers transported Plaintiff to the Dolton Village police precinct where she was processed, cited, and released on a $150 bond.

42. The bond impeded Plaintiff's ability to travel outside the Northern District of Illinois.

43. Plaintiff was charged with one count of Misdemeanor Theft Under $500 in violation of 720 ILCS 5/16-1-4-1 in the case *People v. Wiedemann*, 22MC6002440.

44. Plaintiff was forced to retain an attorney who represented her during the pendency of the criminal case.

45. Plaintiff was forced to attend court for months while the case was pending.

46. Plaintiff was limited in her freedom of movement as a result of the fact that she was limited by the strictures of the bond.

47. On March 4, 2023, the charges against Plaintiff were dropped in a manner consistent with her innocence.

**Mayor Henyard Continues To Weaponize Dolton Police Against Plaintiff To Silence Her Criticism**

48. After her June 11, 2022 arrest, Plaintiff remained actively involved in Dolton politics.

49. Plaintiff frequently attended town meetings and other public events.

50. Plaintiff actively participated in discussions about Dolton and Mayor Henyard online, where she often expressed criticism of Mayor Henyard.

51. Henyard reported these criticisms to the Dolton police department and claimed that they made her fear for her safety and the safety of her family.

6

52. On September 8, 2022, Plaintiff went to a Village of Dolton Board Meeting.

53. Although the meeting was open to the public, Mayor Henyard ordered Dolton police officers in attendance to remove Plaintiff from the building.

54. Dolton Police Officer Miles escorted Plaintiff out of the building and told her that she wouldn't be able to attend the meeting due to a police report made against her for harassment.

55. On September 8, 2022, Mayor Henyard called the Dolton police Department to provide additional information on the decision to remove Plaintiff from the meeting.

56. Henyard stated that Plaintiff had attended a previous board meeting and "stared" at Mayor Henyard, which the mayor interpreted as an attempt at intimidation and harassment.

57. Officer Miles informed Henyard that he did not consider this behavior to be intimidation.

58. Mayor Henyard continued to use the Dolton police to shut Plaintiff out of village meetings and silence her criticism.

59. Plaintiff attended the next Dolton Board Meeting on September 19, 2022.

60. While there, she was confronted by Dolton Police Officer Mathus who told her she had to remain quiet during the meeting.

61. Internal police reports claim that this was because Plaintiff was "stalking the Mayor" by attending Board Meetings and other public events.

62. Plaintiff was denied the ability to comment during the public comment portion of the meeting and felt threatened into silence by Mayor Henyard.

63. On September 28, 2022, Mayor Henyard hosted a public event titled "Conversation with the Township Supervisor[1]" at Thornridge High School.

64. Plaintiff attended this event and sat quietly in the eighth row, where she engaged in no disruptive behavior.

65. Despite this, Mayor Henyard directed Dolton police to generate a police report based on Plaintiff's presence at this public event.

66. On August 12, 2023, Plaintiff attended a local music festival called the House Head event.

67. Mayor Henyard was also in attendance and told Dolton officers on her security detail that Plaintiff's presence made her feel uncomfortable and threatened.

68. The next day, Plaintiff posted mild criticisms of the Mayor in the Facebook group "Dolton Politics" about attending the event.

69. Mayor Henyard read these posts and told Dolton police that they made her fear for her safety and that of her family.

70. Based on Mayor Henyard's past weaponization of Dolton police against her, Plaintiff sincerely fears that this or other incidents will be used to expose her to baseless criminal liability or to otherwise prevent her from participating in her local government and exercising her First Amendment rights.

71. These incidents have caused Plaintiff to experience loss and substantial mental anguish.

## COUNT I
## FIRST AMENDMENT RETALIATION
## 42 U.S.C. §1983 (INDIVIDUAL DEFENDANTS)

---

[1] In addition to her role as Mayor of Dolton, Mayor Henyard was appointed to the position of Township Supervisor for the Thornton Township where Dolton is located.

72. Each paragraph of this complaint is fully restated and incorporated herein.

73. Defendants' conduct was intended to extinguish and silence the First Amendment protected free speech of Plaintiff and shut down any criticism of Mayor Henyard.

74. Defendants' conduct was intended to punish Plaintiff for her First Amendment protected free speech and expressed viewpoint.

75. The arrest of Plaintiff was substantially motivated by the content of her speech and actions.

76. Plaintiff was engaged in lawful First Amendment activity online and in Dolton.

77. Plaintiff's attendance and speech at Dolton public meetings was protected speech as well as an exercise of Plaintiff's right to petition her local government.

78. Defendants targeted and arrested Plaintiff because she had criticized Mayor Henyard and advocated in favor of the recall election against the Mayor.

79. Plaintiff violated no laws while engaging in constitutionally protected behavior, yet Mayor Henyard ordered her to be falsely arrested, seized, and charged.

80. Defendants' conduct has limited and extinguished Plaintiff's ability to continue to exercise her free speech rights.

81. Defendants have continued to harass and silence Plaintiff by excluding her from Dolton board meetings, having officers threaten her into silence, and filing police reports accusing Plaintiff of stalking for simply attending public events.

82. Defendants' actions were objectively unreasonable and undertaken with willfulness and/or reckless indifference to Plaintiff's rights.

83. Defendants' actions were directly responsible for the violation of Plaintiff's First Amendment rights and the deprivations and anguish she suffered.

**WHEREFORE,** pursuant to 42 U.S.C. §1983, Plaintiff demands actual and compensatory damages plus the costs of this action and attorney fees from Defendants; in addition, Plaintiff demands punitive damages against Defendants since they acted willfully, wantonly, and/or in reckless disregard of Plaintiff's rights and for whatever additional relief this Honorable Court deems equitable and just.

## COUNT II
## FOURTH AMENDMENT FALSE ARREST
## 42 U.S.C. §1983  (INDIVIDUAL DEFENDANTS)

84. Each paragraph of this complaint is fully restated and incorporated herein.

85. The Individual Defendants' actions and conduct, as set forth above, in falsely arresting Plaintiff on June 11, 2022, under color of law and without probable cause violated her Fourth Amendment right to be free from unreasonable arrest.

86. There was no probable cause for the arrest of Plaintiff.

87. Defendants' actions and conduct were the direct and proximate cause of the violation of Plaintiff's Fourth Amendment rights and caused her emotional distress, fear, anguish, trauma, and loss of liberty as forth more fully above.

**WHEREFORE,** pursuant to 42 U.S.C. §1983, Plaintiff demands actual and compensatory damages plus the costs of this action and attorney fees from Defendants; in addition, Plaintiff demands punitive damages against Defendants since they acted willfully, wantonly, and/or in reckless disregard of Plaintiff's rights and for whatever additional relief this Honorable Court deems equitable and just.

## COUNT III
## FOURTH AMENDMENT MALICIOUS PROSECUTION
## (INDIVIDUAL DEFENDANTS)

88. Each paragraph of this complaint is fully restated and incorporated herein.

89. After Defendants unlawfully arrested Plaintiff at Defendant Mayor's orders, Defendant officers charged Plaintiff with Theft of Property Under $500.

90. After appearing for a hearing and three status dates, the prosecutor dismissed the case against Plaintiff.

91. Plaintiff's dismissal evidences that the arrest was made without probable cause and that Defendants executed the arrest, as alleged above, to silence Plaintiff.

92. Defendants targeting of Plaintiff shows malice.

93. This malicious prosecution caused Plaintiff emotional distress, fear, anguish, to spend attorney fees and loss of liberty as set forth more fully above.

94. This malicious prosecution was unsupported by probable cause, in violation of Plaintiff's Fourth Amendment rights.

**WHEREFORE,** pursuant to 42 U.S.C. §1983, Plaintiff demands actual and compensatory damages plus the costs of this action and attorney fees from Defendants; in addition, Plaintiff demands punitive damages against Defendants since they acted willfully, wantonly, and/or in reckless disregard of Plaintiff's rights and for whatever additional relief this Honorable Court deems equitable and just.

## COUNT IV
## *MONELL* CLAIM
## (DEFENDANT VILLAGE OF DOLTON)

95. Each paragraph of this complaint is fully restated and incorporated herein.

96. Plaintiff had fundamental rights under the First and Fourth Amendments not to be falsely detained, maliciously prosecuted, and to be free from retaliation for her protected speech.

97. Defendant Officer Hopson, Detective Devries, and Sergeant Harris were at all times relevant to this complaint employed by Defendant Village of Dolton.

98. Defendant Officers were at all times relevant to this complaint acting under color of law and within the scope of their employment with the Village of Dolton.

99. Defendant Henyard was at all times relevant to this complaint Mayor of the Village of Dolton.

100. On information and belief, Defendant Henyard has the final policymaking authority over the Dolton Police Department in her role as Mayor of Dolton.

101. The decision to arrest and charge Plaintiff was made pursuant to Defendant Henyard's policy and order.

102. Defendant Henyard's unlawful policy to silence and exclude her critics was the direct and proximate cause of Plaintiff's unlawful arrest, malicious prosecution, and the violation of her First Amendment rights.

**WHEREFORE,** pursuant to 42 U.S.C. §1983, Plaintiff demands actual and compensatory damages plus the costs of this action and attorney fees from Defendants; in addition, for whatever additional relief this Honorable Court deems equitable and just.

## COUNT V
## STATE MALICIOUS PROSECUTION
## (INDIVIDUAL DEFENDANTS)

103. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

104. Defendant Officers commenced and/or continued false felony criminal charges against Plaintiff.

105. Defendant-Officers did so with malice.

106. There was no probable cause for such charges.

107. The charges were terminated in a manner favorable to Plaintiff and indicative of the innocence of the Plaintiff.

108. The acts of Defendant-Officers, as described above, were committed in the scope of employment.

109. As principal and employer, Defendant Village of Dolton is liable for its agents' actions under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands that she be given compensatory damages against Defendants and enter judgment against the Village of Dolton for its agents' actions under the doctrine of *respondeat superior*.

## COUNT VI
## INDEMNIFICATION

110. Each paragraph of this complaint is fully restated and incorporated herein.

111. Plaintiff brings state-law indemnification claims against the Village of Dolton for any judgment entered against the individual defendants.

**WHEREFORE,** Plaintiff requests that judgment be entered in favor of her and against Dolton for the amounts of any compensatory damages awarded against the individual Defendants.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,
*s/*Melinda Power
Melinda Power

s/Madeline Townsend
Madeline Townsend

| | |
|---|---|
| Melinda Power and | Madeline Townsend |
| West Town Law Office | Law Office of Madeline Townsend |
| 2502 W. Division, | 2502 W. Division |
| Chicago, IL 60622 | Chicago, Il. 60622 |
| T: 773-278-6706 | T:925-878-1841 |

F:773-278-0635                                              F:773-278-0635
melindapower1@gmail.com                          madelinerosetownsend@gmail.com